IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR 109-103 |
| ) | |
| ROBERT LAVERT ELAM ) | |

### ORDER

Before the Court are the various pre-trial and discovery motions filed by Defendant Robert Lavert Elam. The United States of America, by and through its attorney, Edmund A. Booth, Jr., United States Attorney, and Patricia Green Rhodes, Assistant United States Attorney, has filed a combined response to these motions.

Although Defendant did not file a specific motion for discovery, the government states that it has provided "open file" discovery in this case. The government has provided Defendant with discovery materials consisting of the investigative reports, scientific reports, and other documents material to this case (attorney and agent work product excepted). All known statements by Defendant have also been produced, as has his criminal record. In any event, the Court finds that the position of the United States Attorney in permitting full disclosure of the government's file pertaining to this case would render any such specific motion for discovery **MOOT**.

However, to ensure that there are no outstanding discovery requests, the Court hereby requires counsel for Defendant to submit not later than five (5) days from the date of this Order a written statement describing existing disputes or unresolved items, if any, that have

not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>.

## MOTION FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING MATERIAL

Defendant filed a motion seeking the disclosure of exculpatory and impeaching information in accordance with the principles of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972). (Doc. no. 9). To some extent, Defendant's requests exceed the scope of <u>Brady</u>. <u>Brady</u> material includes information that is favorable to a defendant and material to the issues of guilt or punishment. <u>Brady</u>, 373 U.S. at 87; <u>United States v. Agurs</u>, 427 U.S. 97 (1976). This motion is **GRANTED** to the extent that the government must provide all <u>Brady</u> material to Defendant within five (5) days of the date it is received or its existence becomes known. With regard to impeaching information, the government must disclose this information seven (7) days prior to trial.

## MOTION TO DISCLOSE BAD ACTS OR PRIOR CRIMES OF WITNESSES

Defendant seeks disclosure of prior criminal conduct and uncharged bad acts of witnesses. (Doc. no. 10). The Confrontation Clause guarantees criminal defendants an opportunity to impeach through cross examination the testimony of witnesses for the

prosecution. United States v. Yates, 438 F.3d 1307, 1318 (11th Cir. 2006) (*en banc*); United States v. Lyons, 403 F.3d 1248, 1255-56 (11th Cir. 2005); United States v. Novaton, 271 F.3d 968, 997 (11th Cir. 2001); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1370 (11th Cir. 1994). This right is not, however, unlimited. While Fed. R. Evid. 608(b) allows cross examination of a witness as to specific instances of misconduct, the government does not have a duty to investigate each witness. This Rule must also be construed to limit cross examination to those acts of conduct "which are generally agreed to indicate a lack of truthfulness." 4-608 Weinstein's Federal Evidence § 608.22. The types of acts which satisfy this strict test are forgery, bribery, cheating, embezzlement, false pretenses, fraud and perjury. Id. Moreover, the government has stated its willingness to provide, seven (7) days prior to trial, rap sheets or criminal convictions of witnesses which the government learns about and which could properly be used for impeachment under Fed. R. Evid. 609. (Doc. no. 16, p. 2). Beyond the government's continuing duty to disclose under Brady v. Maryland, 373 U.S. 83 (1963), and the parameters discussed herein, Defendant's motion is **DENIED**.

### MOTION FOR PRODUCTION OF DEFENDANT'S STATEMENTS, including STATEMENTS of CO-DEFENDANTS AND CO-CONSPIRATORS

In light of the government's liberal discovery policy and its disclosure that all known statements by Defendant have been produced (doc. no. 16, p. 2), the request for Defendant's own statements is **MOOT**. (Doc. no. 11-1).

As to the request for disclosure of co-defendant and co-conspirator statements, the Court recognizes that the language of Fed. R. Crim. P. 16(a)(1)(A) requires disclosure of any relevant "statement made by the defendant(s)," but the Court does not agree with the

argument that this provision mandates disclosure of co-conspirator statements, since those statements are imputed to Defendant in this case under Fed. R. Evid. 801(d)(2)(E). Specifically, the Eleventh Circuit has ruled that these independent provisions cannot be read *in pari materia*. United States v. Orr, 825 F.2d 1537, 1541 (11th Cir. 1987) (*en banc*) (adopting the reasoning of United States v. Roberts, 811 F.2d 257, 258 (4th Cir. 1987) (*en banc*)). The policy underlying nondisclosure of co-conspirator statements rests firmly on the belief that disclosure would unnecessarily promote both the intimidation of witnesses and attempts to suborn perjury. Roberts, 811 F.2d at 259 (citing United States v. Jackson, 757 F.2d 1486, 1493 (4th Cir. 1985) (Wilkinson, J., concurring)). The Jackson concurrence correctly noted that nothing in Fed. R. Crim. P. 16(a)(1)(A), can be read to require disclosure of co-conspirator statements and that decisions relied on by the defendant justifying discovery of such statements as "vicarious admissions" of defendants "make one person out of two and beg the question of undue pressure which may result." Jackson, 757 F.2d at 1493. Rule 16(a)(1)(A) requires the government to disclose "the substance of any relevant oral statement made by the defendant." Any discovery of co-conspirator statements must be pursuant to the provisions of the Jencks Act, 18 U.S.C. § 3500, or not at all. Roberts, 811 F.2d at 259. Therefore, Defendant's request for disclosure of co-conspirator statements is **DENIED**. (Doc. no. 11-2).

## MOTION FOR DISCLOSURE OF DOCUMENTS AND TANGIBLE OBJECTS

The government has indicated its willingness to comply with this request by virtue of its "open file" discovery policy, and Defendant's request is therefore, **MOOT**. (Doc. no. 12).

4

## MOTION FOR NOTICE BY THE GOVERNMENT OF THE INTENTION TO RELY UPON OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Defendant filed a motion seeking the government to give notice of its intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b). The Local Rules provide:

> As soon as practicable after the defendant's arraignment, and in any event no more than twenty (20) days after the arraignment (unless the Court directs otherwise), the United States Attorney shall serve upon counsel for the defendant a written notice of any direct or circumstantial evidence of other crimes, wrongs, or acts of the defendant, or specific instances of conduct or criminal convictions of the defendant, which the Government intends to offer into evidence through either Fed. R. Evid. 404(b) or under the theory that the evidence is so inextricably intertwined with defendant's charged offense that it should be admissible.

Loc. Crim. R. 16.2; see also Loc. Crim. R. 12.3.

In its Arraignment Order dated August 4, 2009 (doc. no. 7), the Court directed that if the government intends to use 404(b) evidence, it must make the required disclosures in accordance with the Local Rules. Accordingly, this motion requesting 404(b) disclosures, which the government has already been directed to make, is **MOOT**. (Doc. no. 13).

## MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide a defendant with statements of witnesses immediately following their testimony in court. There is no authority for the Court to grant an early release or disclosure of that material. United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006); United States v. Jordan, 316 F.3d 1215, 1251 & n.78 (11th Cir. 2003); United States v. Jimenez, 613 F.2d 1373, 1378 (5th Cir. 1980). However, early disclosure of Jencks Act materials will avoid unnecessary delay and

5

inconvenience to the Court and jury. The government does not oppose the motion.[1] The government is **INSTRUCTED** to provide Jencks Act materials seven (7) days prior to trial to provide defense counsel a meaningful opportunity to assess these statements. (Doc. no. 14).

SO ORDERED this 20th day of August, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] Indeed, the government states that it is willing to provide Jencks Act materials, including grand jury transcripts, one week prior to trial. (Doc. no. 16, pp. 1-2).

6